IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HANNAH NICOLE BENES,            )
                                )
       Plaintiff,               )
                                )
  -vs-                          )   Civil Action No.  20-286
                                )
KILOLO KIJAKAZI,[1]             )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
       Defendant.               )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 19 and 21). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 20 and 22). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 19) and granting Defendant's Motion for Summary Judgment. (ECF No. 22).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. Plaintiff filed an application on October 23, 2017, alleging she became disabled on January 17, 2002. At all relevant times, Plaintiff was a child under the age of 18. On February 13, 2019, the Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a video hearing during which Plaintiff and her mother testified. (ECF No. 11-2, pp. 30-61). On June 4, 2019, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 13-24).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

After exhausting all administrative remedies, Plaintiff filed an action in this court seeking a review of the decision. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 19 and 21). The issues are now ripe for review.

## II.　LEGAL ANALYSIS

### A.　Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382c(a)(3). The Commissioner follows a three-step sequential process in determining

childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for a listing.   20 C.F.R. §416.924.   An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. §416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv).   When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affects your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it.   20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity and has the severe impairment of diabetes mellitus.   Thereafter, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets, medically equals, or functionally

---

[2] A child has a "marked" limitation in a domain when the impairment(s) ""seriously" interferes with the "ability to independently initiate, sustain, or complete activities."   20 C.F.R. §416.926(e)(2).

[3] A child has an "extreme" limitation in a domain when the impairment(s) "very seriously" interferes with the "ability to independently initiate, sustain, or complete activities."   20 C.F.R. §416.926(e)(3).

equals the severity of a listed impairment. (ECF No. 11-2, pp. 16-24). In particular, the ALJ found that Plaintiff has no limitation in attending and completing tasks, in interacting and relating with others, or in moving about and manipulating objects. *Id.* at pp. 17-22. The ALJ also found Plaintiff has less than marked limitation in the ability to care for herself and has marked limitation in health and physical well-being. *Id.* at pp. 22-23. Based on the same, the ALJ determined that Plaintiff was not disabled under the Act.

      **B.**      <u>**Ability to Care for Herself**</u>

Plaintiff first asserts that the ALJ's determination is not supported by substantial evidence because she failed to properly consider Plaintiff's inability to care for herself. (ECF No. 20, pp. 11-15). To that end, Plaintiff argues that the ALJ "failed to explain why Plaintiff's need to have a home health nurse did not result in a determination that she has marked limitations in her ability to care for herself." *Id.* at p. 12. Plaintiff also asserts that ALJ failed to properly consider the opinions of school providers. *Id.* at pp. 14-15. Therefore, Plaintiff submits that remand is warranted. *Id.* After a review of the evidence, I disagree.

In the domain of caring for yourself, an ALJ assesses how well a child is able to "maintain a healthy emotional and physical state, including how well [the child gets] physical and emotional wants and needs met in appropriate ways; how [the child copes] with stress and changes in [his/her] environment; and whether [the child takes] care of [his/her] own health, possessions, and living area." 20 C.F.R. §416.926a(k). Children 12 years old to 18 years old:

> You should feel more independent from others and should be increasingly independent in all of your day-to-day activities. You may sometimes experience confusion in the way you feel about yourself. You should begin to notice significant changes in your body's development, and this can result in anxiety or worrying about yourself and your body. Sometimes these worries can make you feel angry or frustrated. You should begin to discover appropriate ways to express your feelings, both good and bad (e.g., keeping a diary to sort out angry feelings or listening to music to calm yourself down). You should begin to think seriously about your future plans, and what you will do when you finish school.

20 C.F.R. §416.926a(k)(2)(v). In addition to considering those examples, the ALJ may also consider whether the child is able to maintain personal hygiene adequately and takes medications as prescribed. SSR 09-7p. Examples of limited function in caring for yourself, though they "do not necessarily describe a 'marked' or 'extreme' limitations" include the placement of non-nutritive or inedible objects in your mouth; the use of self-soothing activities showing developmental regression, not bathing or dressing appropriately, engaging in self-injurious behaviors (refusal to take medication) or ignoring safety rules, not spontaneously pursuing enjoyable activities or interests, and disturbances in eating or sleeping patterns. *Id;* 20 C.F.R. §416.926a(k)(3) .

Here, the ALJ found that while Plaintiff is generally able to care for herself, she acknowledged that Plaintiff has "some problems following her diabetic diet, monitoring her glucose levels, and administering her medication. These problems have improved since she began treating with a new endocrinologist and utilizing the services of a home health nurse to help with diabetic control and treatment." (ECF No. 11-2 p. 22). The ALJ also noted in her decision that Plaintiff attended a three-day inpatient diabetic education program with her mother in June of 2018 and since then her diabetes has been under much better control. (ECF No. 11-2, p. 18). "The notes from her home health nurse also document improved glucose level control when the claimant follows her diabetic diet and closely monitors her diet, medications, and glucose levels (Exhibits B26F-B29F)." *Id.* Consequently, the ALJ found Plaintiff has less than marked limitation in the ability to care for herself.

Upon review of the record, there is substantial evidence to support this finding. (ECF No. 11-2, pp. 13-24). Plaintiff's suggestion that her interpretation of the medical evidence more properly defines her ability to care for herself ignores the substantial evidence standard of review. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Furthermore, contrary to Plaintiff's argument,

5

the ALJ need not explain in further detail the involvement of the home health nurse in the assessment of Plaintiff's ability to care for herself. Thus, I find no error in this regard.

Plaintiff also asserts that ALJ failed to properly consider the opinions of school providers. (ECF No. 20, pp. 14-15). I disagree. The ALJ considered the opinions of two teachers. (ECF No. 11-2, p. 18. One opinion found Plaintiff had no limitation in caring for herself. (ECF No. 11-6, p. 55). The other opinion also checked the box that Plaintiff had no limitation in caring for herself, but also indicated an issue with her blood sugar levels and her concern for her diabetic care. (ECF No. 11-6, p. 15). Despite the teacher's opinions that Plaintiff had no limitation in this area, the ALJ found Plaintiff had a limitation but that it was "less than marked," thereby giving Plaintiff the benefit of the doubt. (ECF No. 11-2, p. 22). The ALJ found the opinions less persuasive "because the teachers had little contact with the claimant, did not treat her diabetes, and made their opinions over a year ago." *Id.* These are appropriate and valid reasons for discounting the opinions and are supported by substantial evidence. Thus, I find no error in this regard either.

### C. Psychiatric Review Technique

Plaintiff next argues that the ALJ failed to conduct a psychiatric review technique such that remand is warranted. (ECF No. 20, pp. 16-17). In support of the same, Plaintiff cites to 20 C.F.R. §416.920a(b). *Id*. Section 416.920a(b) applies to "persons under age 18 when Part A of the Listing of Impairments is used." In this case, Part A of the Listing of Impairments was not used. *See,* ECF No. 11-2, pp. 16-24. Therefore, the ALJ was not required to follow the technique listed in §416.920a. Thus, remand on this basis is not warranted.

### D. Subjective Complaints

In Plaintiff's final argument, she submits that remand is warranted because the ALJ failed to adequately explain the rejection of her subjective complaints. (ECF No. 20, pp. 17-19). In

considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.   Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.   20 C.F.R. §§404.1529(c), 416.929(c).   The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented.  *Id.*   I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.   *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above.  (ECF No. 11-2, pp. 13-24).   For example, the ALJ considered Plaintiff's statements and found them to be inconsistent with the medical and other evidence in the record.   *Id.*   Based on the entire record as a whole, I am able to make a proper and meaningful review and find there is substantial evidence to support the ALJ's decision for discounting Plaintiff's statements. Therefore, I find no error in this regard.

I also note that in support of her argument, Plaintiff, in part, cites to evidence supporting her complaints and statements.  (ECF No. 20, pp. 17-19).   To be clear, the standard is not

7

whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HANNAH NICOLE BENES,            )
                                )
        Plaintiff,              )
                                )
    -vs-                        )   Civil Action No.   20-286
                                )
KILOLO KIJAKAZI,[4]             )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.              )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 19) is denied and Defendant's Motion for Summary Judgment (ECF No. 21) is granted.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

9